UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYDE HOLLIS HARRIS, | No. 2:12-cv-1502 AC P |
| Petitioner, | |
| v. | ORDER |
| DOMINGO URIBE, JR., | |
| Respondent. | |

Petitioner, a state prisoner proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently before the court is respondent's fully briefed motion to dismiss, ECF No. 84, which was heard on the court's regular law and motion calendar on October 12, 2016. Emry J. Allen appeared on behalf of petitioner, and Deputy Attorney General Max Feinstat appeared on behalf of respondent. ECF No. 87. The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF Nos. 8, 64.

I.     Factual and Procedural Background

A jury convicted petitioner of (1) corporeal injury on a cohabitant, (2) assault with a firearm, (3) possession of a firearm, (4) possession of a firearm after inflicting corporeal injury on a cohabitant, (5) two counts of making a criminal threat, and (6) failure to appear after release on bail. ECF No. 61 at 2. He was sentenced on October 24, 2008. Id.

1

A. Direct Review

Petitioner, with assistance of counsel, appealed his conviction, concluding with a petition for review in the California Supreme Court filed on July 2, 2010. Lod. Doc. No. 3. The petition was denied on September 1, 2010. Lod. Doc. No. 4. Petitioner did not petition the United States Supreme Court for writ of certiorari (ECF No. 61 at 3) and the statute of limitations therefore began to run on December 1, 2010. See Sup. Ct. R. 13(1) (petitioner had ninety days from entry of judgment to petition for writ of certiorari); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)) (the day the order or judgment becomes final is excluded and time begins to run the day after the judgment becomes final).

B. State Collateral Review

On June 26, 2008,[1] petitioner filed a pro se petition for writ of habeas corpus in the San Joaquin County Superior Court. Lod. Doc. No. 5. The petition was denied on September 16, 2008. Lod. Doc. No. 6.

On October 4, 2008, petitioner filed a writ of habeas corpus in the court of appeal. Lod. Doc. No. 7. The court of appeal denied the petition on October 16, 2009, with citation to In re Steele, 32 Cal. 4th 682, 692 (Cal. 2004), and In re Hillery, 202 Cal. App. 2d 293 (Cal. App. 1962). Lod. Doc. No. 8.

On October 28, 2009, petitioner filed a second pro se petition for writ of habeas corpus in the San Joaquin County Superior Court. Lod. Doc. No. 9. He appears to have simply re-filed the October 4, 2008 court of appeals petition. Compare Lod. Doc. No. 7 with Lod. Doc. No. 9. The petition was denied on December 18, 2009, on the ground that the petition "contains nothing but conclusory allegations and is devoid of any factual support" and therefore failed to state a prima facie case for relief. Lod. Doc. No. 10.

On January 4, 2010, petitioner submitted the same petition to the court of appeal. Lod. Doc. No. 11. The petition was denied without comment or citation on June 17, 2010. Lod. Doc. No. 12.

---

[1] The prison mailbox rule was used in determining the filing date of documents submitted when petitioner was proceeding pro se. See Houston v. Lack, 487 U.S. 266 (1988).

On November 23, 2011, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Lod. Doc. No. 13. The petition raised the same grounds as the court of appeal petition. Id. The petition was denied on May 23, 2012, without comment or citation. Lod. Doc. No. 14.

On November 5, 2015, petitioner, through counsel, filed a petition for writ of habeas corpus with the California Supreme Court. ECF No. 78 at 10. The petition was essentially identical to the amended petition filed in this case on May 26, 2015. Compare ECF No. 61 to ECF No. 78 at 11-48.

C. The Federal Petition

On May 29, 2012, petitioner filed a pro se petition for writ of habeas corpus. ECF No. 1. After the petition was screened, but before a response was filed, petitioner moved for leave to amend the petition (ECF No. 9) and counsel appeared on his behalf shortly thereafter (ECF No. 11). The deadline for responding to the petition was vacated and petitioner was granted ninety days to file an amended petition. ECF No. 12. Thirteen requests for extension and two substitutions of counsel later, petitioner filed his amended petition on May 26, 2015, which also included a request for a stay under Rhines v. Weber, 544 U.S. 269 (2005). ECF No. 61.

Respondent was ordered to respond to the amended petition (ECF No. 62) and filed a motion to dismiss on the grounds that the amended petition was mixed and a Rhines stay was not appropriate. ECF No. 69. After petitioner responded to the motion to dismiss, respondent raised new arguments in his reply regarding the statute of limitations. ECF No. 82. The original motion to dismiss was vacated, and respondent was given an opportunity to file a comprehensive motion to dismiss. ECF No. 83. Respondent proceeded to file a motion to dismiss that addressed both exhaustion and the statute of limitations. ECF No. 84. That motion is now fully briefed and was argued before the court on October 12, 2016. ECF No. 87.

II. Motion to Dismiss

Respondent argues that the amended petition should be dismissed because the new claims are untimely and do not relate back to the original petition and that even if they did relate back, the original petition was untimely as well. ECF No. 84 at 8-23. Respondent also argues that the

3

1   petition should be dismissed because the majority of the claims were not exhausted at the time the

2   amended petition was filed and petitioner did not successfully pursue a Rhines stay. Id. at 23-24.

3       III.    Opposition

4       Petitioner opposes the motion on the grounds that some of the claims relate back to the

5   original petition and that the original petition was timely. ECF No. 85 at 2-3. Petitioner further

6   argues that he is entitled to equitable tolling for the claims that do not relate back to the original

7   petition and that his previously unexhausted claims should not be dismissed because he was

8   entitled to a stay under Rhines. Id. at 3-8.

9       IV.    Statute of Limitations

10       Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of

11   limitations for filing a habeas petition in federal court. This statute of limitations applies to

12   habeas petitions filed after April 24, 1996, when the Antiterrorism and Effective Death Penalty

13   Act (AEDPA) went into effect. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). The one-

14   year clock commences from one of several alternative triggering dates. See 28 U.S.C. §

15   2244(d)(1). In this case the applicable date is that "on which the judgment became final by the

16   conclusion of direct review or the expiration of the time for seeking such review." §

17   2244(d)(1)(A). The parties agree that, absent tolling, the statute of limitations in this case expired

18   on December 1, 2011. ECF No. 84 at 8; ECF No. 85 at 3. The original petition in this case was

19   filed on May 29, 2012.

20       If petitioner's first California Supreme Court habeas petition, filed on November 23, 2011,

21   was properly filed, then it tolled the statute of limitations and the original petition in this case was

22   timely. If not, the original petition was filed outside the statute of limitations and must be

23   dismissed. "Under California's unusual system of independent collateral review, a prisoner seeks

24   review of a lower court's denial of relief by filing an original petition for habeas corpus in the

25   reviewing court." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) (citing Evans v. Chavis, 546

26   U.S. 189, 192-93 (2006); Waldrip v. Hall, 548 F.3d 729, 734 (9th Cir. 2008)). To be timely, a

27   petition must be "filed within a 'reasonable time.'" Id. Therefore, in California, "collateral

28   review is considered to be pending during the interim between a writ being denied at one court

level and a new petition being filed at the next higher court level as long as the petition at the next level is filed within a reasonable period of time." Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citing Carey v. Saffold, 536 U.S. 214, 222-25 (2002); Evans, 546 U.S. at 192-93)). Absent clear direction from the state courts, this court must determine whether a state court petition was timely filed. Banjo, 614 F.3d at 968 (citing Evans, 546 U.S. at 198). A decision on the merits or without comment does not necessarily mean a petition was timely, but a determination that a petition was untimely is dispositive. Id. (citations omitted).

If petitioner's first California Supreme Court petition was an appeal from the court of appeals petition, which is a possibility since it asserted the same grounds for relief, then it was untimely. Petitioner did not file his petition in the California Supreme Court until almost a year and a half after his second appellate court habeas petition was denied. Lod. Doc. No. 12; Lod. Doc. No. 13. An unexplained one-year-and-five-month delay is significantly longer than the six-month delay the United States Supreme Court found to be unreasonable in Evans. 546 U.S. at 201; see also Banjo, 614 F.3d at 970 (146 day delay unreasonable). At the October 12, 2016 hearing, however, petitioner asserted that it was his position that the November 23, 2011 California Supreme Court habeas petition was an original petition and not a part of the same round of collateral review as the superior court and court of appeals petitions.

In California

> [a] prisoner must seek habeas relief without "substantial delay," [In re] Robbins, 18 Cal. 4th [770,] 780 [(Cal. 1998)]; [In re] Gallego, 18 Cal. 4th [825,] 833 [(Cal. 1998)]; [In re] Clark, 5 Cal. 4th [750,] 783 [(Cal. 1993)], as "measured from the time the petitioner or counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim," Robbins, 18 Cal. 4th, at 787. Petitioners in noncapital cases have "the burden of establishing (i) absence of substantial delay, (ii) good cause for the delay, or (iii) that the claim falls within an exception to the bar of untimeliness." Id., at 780.

Walker v. Martin, 562 U.S. 307, 312 (2011) (parallel citations omitted). Review of petitioner's first California Supreme Court habeas petition does not support a finding that the petition was timely filed. It is clear, both from their very nature and petitioner's explicit inclusion of them in his state superior and appellate court petitions, that petitioner either "knew or reasonably should

have known" the legal and factual bases of the claims contained within his California Supreme Court petition no later than October 4, 2009, when he filed his first state appellate court habeas petition. Lod. Doc. No. 7; Lod. Doc. No. 13. Petitioner's first state appellate court habeas petition was filed over two years before he filed his first California Supreme Court petition. The petition does not address any cause for the delay in filing the petition with the California Supreme Court, nor does it allege any exceptions to the untimeliness bar. Lod. Doc. No. 13. In the portion of the petition where petitioner is instructed to "[e]xplain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition," petitioner wrote "N/A." Id. at 60.

At the October 12, 2016 hearing, counsel for petitioner argued that conducting an ongoing investigation into meritorious claims could establish good cause for the delay in filing a habeas petition. To the extent counsel pointed to his efforts to investigate after the filing of the petition in this court, that investigation would have no bearing on petitioner's delay in filing in the California Supreme Court. Moreover, "*known claims* 'must be *presented promptly unless* facts known to counsel suggest the existence of other potentially meritorious claims which *cannot be stated without additional investigation*.'" Robbins, 18 Cal. 4th at 805 (emphasis in original) (quoting Clark, 5 Cal. 4th at 784). The claims briefed in the California Supreme Court were known to petitioner at least two years prior to the filing of his habeas petition in that court and petitioner has not identified any *additional* potentially meritorious claims, not previously briefed in the state superior and appellate court petitions, that required additional investigation and thereby justified the delay in filing the state supreme court habeas petition so as to avoid filing piecemeal petitions.

Counsel also argued that petitioner was clearly making a claim of actual innocence, thereby excusing him from any untimeliness. To qualify for this exception in California,

> the petitioner would bear a heavy burden of satisfying the court that the evidence of innocence could not have been, and presently cannot be, refuted. The requirement that a petitioner demonstrate his or her innocence requires more than a showing that the evidence might have raised a reasonable doubt as to the guilt of the petitioner. The petitioner must establish actual innocence, a

>standard that cannot be met with evidence that a reasonable jury could have rejected.

Clark, 5 Cal. 4th at 798 n.33. "Evidence relevant only to an issue already disputed at trial, which does no more than conflict with trial evidence, does not constitute '"new evidence" that fundamentally undermines the judgment.'" Id. (quoting People v. Gonzalez, 51 Cal. 3d 1179, 1247 (Cal. 1990)). Petitioner did not request this exception in his state petition (Lod. Doc. No. 13), nor did he identify, either in his opposition to the motion to dismiss or during the hearing, anywhere within the petition that, even absent an explicit request, made the showing required by the California state courts to support his assertion of actual innocence such that it would excuse untimely filing.

In light of petitioner's claim of actual innocence at the hearing, the court notes that a showing of actual innocence can also satisfy the requirements for equitable tolling in federal court. Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). However, petitioner did not raise this argument in his opposition to the motion to dismiss or at the October 12, 2016 hearing. Nor does the petitioner point to any new evidence that demonstrates "'that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" Lee, 653 at 938 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Absent new evidence, there are no grounds for the court to determine that reasonable jurors would find other than they already have.

V.  Conclusion

For the foregoing reasons, the court finds that the November 23, 2011 California Supreme Court habeas petition was not timely filed and therefore did not toll the statute of limitations. The original petition in this action was therefore untimely and the petition must be dismissed. Because the original petition was untimely, it is unnecessary to address whether the claims in amended petition were entitled to equitable tolling, were exhausted in state court, or related back to the original petition and the court declines to do so.

////

VI. <u>Certificate of Appealability</u>

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in this order, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 84) is granted and petitioner's application for writ of habeas corpus is denied as untimely.

2. This court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: October 17, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE